# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY KINDER, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 19-cv-2692 |
| : | |
| HECTOR MARINEZ, : | |
| *READING POLICE OFFICER et al.*, : | |
|     Defendants. : | |

## MEMORANDUM

**Joseph F. Leeson, Jr.**                                                                                                                                                                                            **July 2, 2019**
**United States District Judge**

      *Pro se* Plaintiff Anthony Kinder, who is currently incarcerated at the Berks County Jail, filed this civil action asserting civil rights claims pursuant to 42 U.S.C. § 1983 against Reading Police Officer Hector Marinez. (ECF No. 1.) He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 4.) For the following reasons, Kinder is granted leave to proceed *in forma pauperis*. Kinder's claim against the Reading Police Department is dismissed and his claim against Officer Marinez is stayed and placed in civil suspense.

## I.     FACTS

      Kinder alleges that Officer Marinez violated his Fourth Amendment rights by engaging in racial profiling. (ECF No. 1 at 3.)[1] Kinder attaches a copy of an Affidavit of Probable Cause signed by Officer Marinez on September 25, 2018, asserting that, on February 11, 2018, Officer Marinez observed a black male wearing a long trench coat walking on Lemon Street in Reading. (*Id.* at 12.) He parked his vehicle, approached the male, and detected the odor of what he

---

[1]     The Court adopts the pagination supplied by the CM/ECF docketing system.

recognized to be synthetic marijuana. (*Id.*) He asked the male about the odor and the male responded that he had just smoked it. (*Id.*) The male revealed an unlit hand rolled cigar that he had been cupping in his left hand. (*Id.*) Officer Marinez confiscated the cigar and asked the male for identification, which he provided. (*Id.*) The male was determined to be Kinder. (*Id.*) Lab results indicated the cigar contained two controlled substances. (*Id.*) Based on that information, Officer Marinez sought a summons be issued to Kinder. (*Id.*)

Public dockets reflect that Kinder, as a result of Officer Marinez's affidavit of probable cause, is facing charges of possession of a controlled substance. *Commonwealth v. Kinder*, Docket No. CP-06-CR-413-2019 (Berks Cty. Common Pleas). The case is currently scheduled for trial on July 31, 2019.

## II. STANDARD OF REVIEW

As the Court has granted Kinder leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Kinder is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

### A. Claim Against Officer Marinez

Under the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), the Court must abstain from adjudicating the claim Kinder raises against Officer Marinez. Generally, federal courts must adjudicate all cases and controversies that are properly before them. *New Orleans Pub. Serv., Inc. v. City of New Orleans*, 491 U.S. 350, 358 (1989). Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue." *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982). Absent extraordinary circumstances not present here, *Younger* abstention applies when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 671 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). *Younger* abstention is "premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. C.C.P., Delaware Cty, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Moreover, application of the *Younger* doctrine to § 1983 civil rights actions in which a plaintiff's claim challenges the validity of the pending state court criminal charges filed against him is appropriate. *See Jaffery v. Atlantic Cty. Prosecutor's Office*, 695 F. App'x. 38, 40-41 (3d Cir. 2017).

The Court concludes that all three *Younger* criteria are met. First, there is an ongoing state criminal proceeding where Kinder is the named defendant and the charges are based on the affidavit of probable cause at issue in this federal proceeding. Second, it is axiomatic that state criminal proceedings necessarily implicate important state interests. *Younger*, 401 U.S. at 45-46. Finally, Kinder has the opportunity to raise his constitutional racial profiling claim in the context of his state criminal proceedings in state court at the pre-trial and trial stages and during any appellate proceedings. As Kinder's claim concerning his ongoing criminal proceedings satisfy the requirements of abstention, and there is no suggestion of extraordinary circumstances contemplated by *Younger*, the Court concludes that it is appropriate to abstain from entertaining the action as abstention is required to preserve the integrity of the state judicial process. Accordingly, the claim against Officer Marinez is stayed.

**B.** **Claim Against the Reading Police Department**

A police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam) (stating that a police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability." (citing *Colburn v. Upper Darby Twp.*, 838 F.2d 663, 671 n.7 (3d Cir.1988))); *Hadesty v. Rush Twp. Police Dep't*, Civ. A. No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Reading Police Department is not a proper defendant in this case under Section 1983 and is dismissed with prejudice for this reason.

**IV. CONCLUSION**

For the foregoing reasons, the Court dismisses Kinder's claims against the Reading Police Department pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The claim against Officer Marinez is subject to *Younger* abstention and is stayed pending the resolution of Kinder's state court criminal proceedings. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**