# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY KINDER, : | |
|    Plaintiff, : | |
| : | |
| v. : | No. 19-cv-2692 |
| : | |
| READING POLICE OFFICER : | |
| HECTOR MARINEZ , : | |
|    Defendant. : | |

## O P I N I O N

**Joseph F. Leeson, Jr.**                                                                       **October 23, 2019**
**United States District Judge**

      In a prior Memorandum and Order entered on July 2, 2019, the Court dismissed the claim of *pro se* Plaintiff Anthony Kinder against the Reading Police Department and placed his other claim, filed pursuant to 42 U.S.C. § 1983 for malicious prosecution against Reading Police Officer Hector Marinez, in civil suspense pursuant to the doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). (*See* ECF Nos. 6, 7.) As public dockets now reflect that Kinder has entered a guilty plea to the charges pending when he filed his claims, *Younger* abstention is no longer necessary, and the Court can screen the remaining claim against Defendant Marinez pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). For the following reasons, the remaining claim is dismissed without prejudice.

## I.    FACTS

      Kinder alleges that Officer Marinez violated his Fourth Amendment rights by engaging in racial profiling when he initiated a criminal proceeding by filing an affidavit of probable cause.

(ECF No. 1 at 3.)[1] Specifically, Kinder has attached a copy of an Affidavit of Probable Cause signed by Marinez on September 25, 2018 asserting that, on February 11, 2018, Marinez observed a black male wearing a long trench coat walking on Lemon Street in Reading. (*Id.* at 12.) He parked his vehicle, approached the male and detected the odor of what he recognized to be synthetic marijuana. (*Id.*) He asked the male about the odor and the male responded that he had just smoked it. (*Id.*) The male revealed an unlit hand rolled cigar that he had been cupping in his left hand. (*Id.*) Marinez confiscated the cigar and asked the male for identification, which he provided. (*Id.*) The male was determined to be Kinder. (*Id.*) Lab results indicated the cigar contained two controlled substances. (*Id.*) Based on that information, Marinez sought a summons be issued to Kinder. (*Id.*)

Public dockets reflect that Kinder, as a result of Marinez's affidavit of probable cause, was charged with possession of a controlled substance. *Commonwealth v. Kinder*, Docket No. CP-06-CR-413-2019 (Berks Cty. Common Pleas). At the time Kinder filed his Complaint on June 20, 2019, the criminal charges had not yet been resolved. On July 23, 2019, Kinder entered a guilty plea to the charge of intentional possession of a controlled substance and was sentenced to a term of 194 days to 23 months incarceration. (*Id.*)

## II.     STANDARD OF REVIEW

As the Court previously granted Kinder leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Kinder is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## II. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not a source of substantive rights but is a vehicle for vindicating rights conferred by the U.S. Constitution or by federal statute. *See Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). The statute "creates a species of tort liability."[2] *Heck v. Humphrey*, 512 U.S. 477, 483 (1994). Thus, any bar to suit under the common law applies to a claim brought under § 1983. *Id.*

In *Heck*, the Court held a § 1983 malicious prosecution claim was subject to the common law requirement that the plaintiff show the prior criminal proceeding terminated in his favor. *Id.* at 484. The purpose of the requirement, the Court explained, is to avoid parallel litigation of

---

[2] While Kinder does not specify what claim he intends to bring, since he does not allege that he was arrested on February 11, 2018, and bases his claim solely on the filing of the Affidavit of Probable Cause filed on September 25, 2018, the Court deems the cause of action to be one sounding in malicious prosecution rather than false arrest. To prevail on the constitutional tort of a § 1983 claim sounding in malicious prosecution, a plaintiff must show: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

issues such as probable cause and guilt. *Id.* It also prevents the claimant from succeeding in a tort action after having been convicted in the underlying criminal prosecution, which would run counter to the judicial policy against creating two conflicting resolutions arising from the same transaction. *Id.* Accordingly, "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Id.* at 486-87 (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration." (emphasis omitted)).

As noted, the public docket shows that Kinder entered a guilty plea on July 23, 2019 to the drug charge that arose from Defendant Marinez's affidavit of probable cause. Kinder did not take an appeal from the judgement of conviction and the time do so has now lapsed. *See Commonwealth v. Kinder*, Docket No. CP-06-CR-413-2019 (Berks Cty. Common Pleas) (recording entry of guilty plea on July 23, 2019); Pa. R. App. P. 903(a) (providing that a notice of appeal must be filed "within 30 days after the entry of the order from which the appeal is taken"). Because the criminal proceeding did not terminate in Kinder's favor, his malicious prosecution claim is barred by *Heck* since Kinder's success in asserting a racial bias claim would necessarily call that conviction into question. *Accord*, *Nesblett v. Concord Fed. Prob.*, Civ. A. No. 13-515, 2014 WL 808848, at *4 (D.N.H. Feb. 28, 2014) (collecting cases and concluding

4

that *Heck* barred selective prosecution racial bias claim); *Swan v. Barbadoro*, Civ. A. No. 060458, 2007 WL 275979 (D.N.H. Jan. 24, 2007) (recommending that selective prosecution claim be dismissed on screening pursuant to section 1915A(a)), *report and recommendation adopted*, 2007 WL 529707 (Feb. 13, 2007). Accordingly, the claim against Marinez must be dismissed without prejudice pursuant to § 1915(e)(2)(B)(ii). Should Kinder's conviction ever be invalidated he may refile his claim.

An appropriate Order follows.

**BY THE COURT:**

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**